UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVISOR'S CAPITAL INVESTMENTS,
INC.,

       Plaintiff,

v.                               Case No. 8:05-CV-404-23MAP

CUMBERLAND CASUALTY & SURETY
COMPANY and I.G.I.C.,

       Defendants.
_____/

## ORDER

IGIC, the only remaining Defendant, filed a motion to dismiss ACI's seven-count complaint pursuant Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted, arguing dismissal is appropriate since it was not a party to the contract allegedly breached and the contract imposed no duties or obligations on it.[1]  For the reasons set forth below, I find IGIC's arguments meritorious but grant ACI the opportunity to amend its complaint.

Dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Ala.*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  When no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate.  *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir. 1991).  In assessing whether a complaint is sufficient,

---

[1] The district judge stayed the action against Cumberland pursuant to the automatic stay provision of the Florida Uniform Insurers Liquidation Act, Fla. Stat. § 631.041(1) (doc. 14).

however, conclusory allegations, unwarranted factual deductions, and conclusions of law need not be accepted as true. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002). Where a cause of action stems from a contract that is attached to the complaint as an exhibit, the contract is considered a part of the record for a Rule 12(b)(6) motion to dismiss. If the contract demonstrates unambiguously that the plaintiff's relief is not merited, the claims should be dismissed. *Siedle v. National Ass'n of Securities Dealers, Inc.*, 248 F.Supp. 2d 1140, 1142 (M.D. Fla. 2002); *Jacksonville Newspaper Printing Pressmen and Assistants; Union No. 57 v. Florida Pub. Co.*, 340 F.Supp. 993, 995 (M.D. Fla. 1972), *aff'd*, 468 F.2d 824 (5th Cir. 1972), *cert. den'd* 411 U.S. 906 (1973).

IGIC argues that it was not a party to the contract and thus counts I and II fail to state claims for breach of contract.[2] Likewise, IGIC asserts count III for anticipatory repudiation is deficient because ACI failed to allege IGIC took any actions to repudiate the contract, and because IGIC had no duties arising from the contract. IGIC further asserts that count IV espouses Massachusetts law of waiver that is inapplicable now that both sides agree that Florida law applies, Florida law fails to acknowledge a cause of action for estoppel, and it is disputable whether Florida recognizes a cause of action for waiver. As to count V, IGIC asserts ACI's allegations concern violations of the Massachusetts Deceptive and Unfair Trade Practices Act, not Florida's scheme. IGIC seeks

---

[2] In order for a breach of contract claim to survive a Rule 12(b)(6) motion, a plaintiff in a diversity case must plead the elements of breach of contract as established by the applicable state's laws. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Both ACI and IGIC agree Florida law applies here. In Florida, a plaintiff pleading a cause of action for breach of contract must show the existence of a contract between the parties, a material breach by one of the parties, and damages proximately caused by the breach. *Beck v. Lazard Freres & Co. L.L.C.*, 175 F.3d 913 (11th Cir. 1999) *citing Abruzzo v. Haller,* 693 So. 2d 1338, 1340 (Fla. 1st DCA 1992).

to dismiss count VI on grounds that the economic loss rule prohibits tort actions where the only damages suffered are economic losses.  It argues that ACI's allegations of misrepresentations relating to the breach of the contract do not give rise to an independent cause of action in tort.[3] Similarly, as to Count VII for negligence, the acts complained of and the damages allegedly suffered as a result of IGIC's negligence are the same as the acts complained of and the damages allegedly suffered as a result of IGIC's alleged breach of contract.[4]

While IGIC's arguments appear meritorious, the Eleventh Circuit prefers the district court give a plaintiff an opportunity to amend a complaint rather than dismiss it when it appears that a more carefully drafted complaint might state claims upon which relief may be granted. *Friedlander v. Nims*, 755 F.2d 810 (11th Cir. 1985) (dismissal appropriate only after court gives plaintiff notice of complaint's deficiencies and an opportunity to amend).

---

[3] Although the parties did not raise the issue, the claim fails to satisfy the pleading requirements of Fed.R.Civ.P. 9(b).  This rule requires "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  A complaint asserting a cause of action for fraud must allege facts as to time, place, and substance of the defendant's alleged fraud and the details of the defendant's allegedly fraudulent acts, when they occurred and who engaged in them.  *Corsello v. Lincare, Inc.*, 2005 WL 2663288 (11th Cir. 2005).  *See also Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)) ("Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and 2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and 3) the content of such statements and the manner in which they misled the plaintiff, and 4) what the defendants obtained as a consequence of the fraud.").

[4] More importantly, under Florida law negligence consists of a duty of care owed by the defendant to the plaintiff, a breach of that duty, proof that the breach was the cause of an injury to the plaintiff, and proximately caused damages. *See Eppler v. Tarmac Am. Inc.*, 752 So. 2d 592, 594 (Fla. 2000).  Although ACI asserts IGIC maintained a duty to process claims in a competent and reasonable manner, ACI failed to properly allege it was in contractual privity with IGIC and has not otherwise asserted how a duty of care by IGIC arose.

Accordingly, it is hereby

**ORDERED**:

1.  Defendant IGIC's motion to dismiss (doc. 3) be DENIED without prejudice.

2.  Since a more adequately pleaded complaint may state claims against IGIC, ACI is given thirty (30) days leave to amend its claims against IGIC, if it can appropriately do so.

3.  No other Defendants may be added and no other claims may be added without obtaining permission of the Court.  If an amended complaint is not filed by the allotted time, the case will be dismissed with prejudice as to IGIC.

IT IS SO ORDERED at Tampa, Florida, on December 15, 2005.


MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE