UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVISOR'S CAPITAL INVESTMENTS,
INC.,

        Plaintiff,

v.                                 Case No. 8:05-CV-404-T-23MAP

CUMBERLAND CASUALTY & SURETY
COMPANY and I.G.I.C. MANAGEMENT
COMPANY,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Advisor's Capital Investments, Inc. ("ACI"), a financial services advisory firm, claims Defendant IGIC Management Company ("IGIC") tortiously interfered with a contract it entered into with a third party. At this juncture, IGIC seeks to dismiss ACI's three-count amended complaint pursuant Fed. R.Civ.P. 9(b) and 12(b)(6) for failing to plead fraud with particularity and failing to state a claim upon which relief may be granted (doc. 24). For the reasons set forth below, I find ACI's complaint fails to state a claim against IGIC for breach of fiduciary duty (count III). In all other respects, however, the motion should be denied.[1]

    *A. Standard of review*

Dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

---

[1] United States District Judge Steven D. Merryday referred IGIC's motion to dismiss amended complaint (doc. 24) to me for recommendation pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b). *See* doc. 31.

allegations." *Blackston v. Ala.*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). On a motion to dismiss, the court must accept all the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. And the court must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed.R.Civ. P. 10(c), *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All that is required is a "short and plain statement of the claim." Fed.R.Civ.P. 8(a). The complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994). In assessing whether a complaint is sufficient, however, conclusory allegations, unwarranted factual deductions, and conclusions of law need not be accepted as true. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002). When no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir. 1991).

   *B. Background*

ACI, a financial services advisory firm with offices in Massachusetts and Florida, entered into a Registered Investment Advisors Liability Insurance Policy ("contract") with Cumberland Casualty & Surety Company ("Cumberland") to provide liability protection and indemnification.[2] ACI asserts IGIC interfered with this contract. Specifically, ACI alleges IGIC, as Cumberland's exclusive agent, fraudulently induced ACI to enter into the contract with Cumberland by misrepresenting that Cumberland would pay fifty percent of every claim it submitted and Dorinco

---

[2] Cumberland is not a party to this lawsuit.

Reinsurance Company, Cumberland's reinsurer, would pay the other fifty percent of submitted claims. According to ACI, in reality the reinsurance policy entered into between Cumberland and Dorinco expressly limited Dorinco's liability to paying claims up to only 275 percent of the amount Cumberland received in premiums the particular year a claim was submitted. *See* doc. 23, ¶32. ACI alleges IGIC negligently failed to disclose the limitation of Dorinco's liability and otherwise fraudulently induced it to enter into the contract with Cumberland with the understanding that Dorinco would pay fifty percent of all its potential claims filed under the contract it entered with Cumberland. When Cumberland was placed into receivership by the state of Florida, ACI discovered the material restrictions the reinsurance contract placed on Dorinco's obligation to pay on ACI's claims. As a consequence, ACI asserts Cumberland has not paid any of its claims. Further, Cumberland's receiver and Dorinco settled ACI's claims arising under the reinsurance contract for approximately $3 million, resulting in a loss of approximately $27 million.

Originally, ACI filed suit against both Cumberland and IGIC, claiming breach of express contract, breach of implied covenant of good faith and fair dealing, anticipatory repudiation, waiver, violations of the Massachusetts Deceptive and Unfair Trade Practices Act, fraud and misrepresentation, and negligence. On December 15, 2005, I entered an order granting Defendant's motion to dismiss this complaint and allowed Plaintiff thirty days to file an amended complaint (doc. 21). Thereafter, ACI filed a three-count amended complaint asserting fraud in the inducement, negligent misrepresentation, and breach of fiduciary duty against IGIC (doc. 23). It is this complaint that IGIC now attacks on grounds that ACI has failed to properly plead fraud with particularity in its fraud in the inducement and negligent misrepresentation claims and failed to state a cause of action for breach of fiduciary duty. IGIC also argues ACI's tort claims are barred by the economic

loss rule.

### C. Discussion

#### 1. fraud in the inducement (count I)

ACI claims IGIC, Cumberland, and Bernard Koyen (IGIC's president) misrepresented both orally and in writing that Dorinco would pay fifty percent of every claim ACI submitted, failed to disclose significant restrictions and limitations regarding Dorinco's obligation to pay, and induced ACI to enter into the contract with Cumberland. ACI specifically alleges Cumberland executives knew about these misrepresentations of material facts, but made them for the purpose of inducing ACI to enter into a contract with Cumberland. ACI says it reasonably relied on the statements and omissions as they were material to its decision to enter into the contract with Cumberland. Consequently, ACI was damaged as a direct and proximate result of the misrepresentations and omissions. *See* doc. 23, ¶¶ 49-55.

Contrary to IGIC's claims, ACI's allegations satisfy the elements of fraud in the inducement under Florida law. *See Hillcrest Pacific Corp. v. Yamamura*, 727 So. 2d 1053, 1055 (Fla. 4th DCA 1999) (identifying the elements as 1) a misrepresentation of material fact, 2) the representer knew or should have known of statement's falsity, 3) the representer intended that representation would induce another to rely on it, and 4) the plaintiff suffered injury in justifiable reliance on such representation). ACI's fraud in the inducement count also complies with Fed.R.Civ.P. 9(b), which requires "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) ("The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious

charges of immoral and fraudulent behavior."). And it satisfies the necessary allegations as to time, place, and substance of the defendant's alleged fraud and the details of the defendant's allegedly fraudulent acts, when they occurred and who engaged in them. *Corsello v. Lincare, Inc.*, 2005 WL 2663288 (11th Cir. 2005). *See also Ziemba, supra,* quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)) ("Rule 9(b) is satisfied if the complaint sets forth "1) precisely what statements were made in what documents or oral representations or what omissions were made, and 2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and 3) the content of such statements and the manner in which they misled the plaintiff, and 4) what the defendants obtained as a consequence of the fraud."). Count I incorporates by reference the general allegations contained in paragraphs one through 47 of the amended complaint. Paragraph 22 alleges Koyen, IGIC's president, explicitly represented that the contract between Cumberland and IGIC was covered by a reinsurance policy between Cumberland and Dorinco. The complaint further alleges in paragraphs 23, 24, and 49 that Koyen represented to ACI, both orally and in writing, that Cumberland and Dorinco shared the potential loss to ACI on a 50/50 basis and that Dorinco would pay fifty percent of every claim submitted by Cumberland. ACI asserts that the oral and written representations made by Cumberland, IGIC, and Koyen were made both before ACI entered into the contract with Cumberland and thereafter, until Cumberland was placed into receivership by the State of Florida. doc. 23, ¶ 30. While IGIC argues ACI fails to include precise statements or reference to particular dates or documents containing the representations, ACI need not specify the exact time and the particular place of each factual omission or misrepresentation. Here ACI sufficiently puts the Defendants on notice as to who made the misrepresentations or omissions (Koyen, Black, Enfield,

and Williams), their substance (that Dorinco shared the potential loss to ACI on a 50/50 basis and that Dorinco would pay fifty percent of every claim submitted by Cumberland), when they generally occurred (before ACI entered into the contract with Cumberland and thereafter, until Cumberland was placed into receivership by the State of Florida). *Ziemba,* 256 F.3d at 1202 (the application of Rule 9(b) "must not abrogate the concept of notice pleading"); *see also Medalie v. FSC Securities Corp.*, 87 F. Supp. 2d 1295, 1307 (S.D. Fla. 2000) (a plaintiff cannot be expected to specify the exact time and particular place of each factual omission and misrepresentation).[3]

### *2. negligent misrepresentation (count II)*

Likewise, IGIC claims ACI's count for negligent misrepresentation fails to satisfy Rule 9(b). Historically in Florida, an action for negligent misrepresentation sounds in fraud rather than negligence. *Souran v. Travelers Ins. Co.*, 982 F.2d 1497 (11th Cir. 1993) citing *Watson v. Jones*, 25 So. 678, 683 (1899), *Ostreyko v. B.C. Morton Org., Inc.*, 310 So. 2d 316 (Fla. Dist. Ct. 1975). Hence, Rule 9(b)'s pleading requirements apply. *Harrison Enterprises, Inc. v. Moran*, 1999 WL 1211753, *3 (S.D. Fla. 1999) (recognizing that under Florida law, "an action for negligent misrepresentation sounds in fraud rather than negligence," and therefore the pleading requirements of Rule 9(b) apply). But as with ACI's fraudulent inducement claims, its allegations for negligent misrepresentation sufficiently put the Defendants on notice of the time, place, and substance of the alleged misrepresentations. Consequently, dismissal is inappropriate.

---

[4] ACI attached to its opposition to IGIC's motion to dismiss several letters from IGIC representatives, presumably to satisfy Rule 9(b)'s requirements. However, these letters were not contained within the four corners of the complaint nor attached to the complaint as exhibits. Thus, they are not properly before this Court for consideration on IGIC's motion to dismiss. *See Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Niziol v. District School Board of Pasco County*, 240 F.Supp 2d 1194, 1199 (M.D. Fla. 2002).

### 3. breach of fiduciary duty (count III)

ACI asserts that IGIC owed a fiduciary duty "as the insured under the [insurance] policy or as ACI's insurance agent and advisor." doc. 23, ¶ 66. A fiduciary relationship arises if a "relation of trust and confidence exists between the parties … where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused …" *Doe v. Evans*, 814 So. 2d 370 (Fla. 2002). Unless the fiduciary relationship is formed expressly, determining if a fiduciary relationship exists depends upon "the specific facts and circumstances surrounding the parties and the transaction in which they are involved." *Taylor Woodrow Homes Florida, Inc. v. 4/46-A Corporation*, 850 So. 2d 536 (Fla. 5th DCA 2003). "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Id. citing Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1994).

While ACI alleges it reposed trust and confidence in IGIC and its representatives, it fails to plead it was in contractual privity with IGIC and does not otherwise assert how IGIC owed it a duty of care. The amended complaint states only that IGIC acted as the exclusive agent of Cumberland; yet, ACI offers no basis for concluding that relationship created some duty between IGIC and ACI. *See* doc. 23, ¶ 5. Because no construction of the factual allegations in count III supports a cause of action for breach of fiduciary duty against IGIC, I recommend ACI's motion to dismiss count III be granted.

### 4. the economic loss rule

Since ACI and IGIC were not in contractual privity, the economic loss rule does not bar ACI's claim against IGIC. *See Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891

So. 2d 532, 534 (Fla. 2004) (limiting economic loss rule to situations where parties are in contractual privity); *Shands Teaching Hospital & Clinics, Inc. v. Beech Street Corp.*, 899 So. 2d. 1222 (Fla. 1st DCA 2005) (stating economic loss rule limited to situations where parties are in contractual privity because it is doubtful parties can protect their economic interests through contract when they have not contracted with each other); *Williams v. Bear Stearns & Co.*, 725 So. 2d 397 (Fla. 5th DCA 1998) (holding economic loss rule does not preclude tort claims – specifically negligent misrepresentation and breach of fiduciary duty – against defendants who were not in contractual privity with plaintiff).

   *D. Conclusion*

   For the reasons set forth, I find ACI fails to properly state a claim for breach of fiduciary duty (count III) upon which relief may be granted under Florida law. ACI's remaining claims, however, satisfy the requirements of Rules 8 and 9(b). Accordingly, it is hereby

   **RECOMMENDED**:

   1. Defendant IGIC's motion to dismiss amended complaint (doc. 23) be GRANTED as to count III and DENIED as to counts I and II.

   IT IS SO REPORTED at Tampa, Florida, on May 1, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:
Hon. Steven D. Merryday
Counsel of Record