UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVISOR'S CAPITAL INVESTMENTS,
INC.,

                Plaintiff,

v.                                  Case No. 8:05-CV-404-T-23MAP

CUMBERLAND CASUALTY & SURETY
COMPANY and I.G.I.C. MANAGEMENT
COMPANY,

                Defendants.

_____/

## **<u>ORDER</u>**

After I granted Plaintiff Advisor's Capital Investments, Inc.'s ("ACI") motion to add two new Plaintiffs and four new Defendants as parties to this action, Plaintiffs filed a second amended complaint (doc. 48) asserting fraud in the inducement and negligent misrepresentation claims against both the original and new Defendants.[1]  Three of the newly named Defendants, Carol S. Black, Edward J. Edenfield, IV, and Joseph M. Williams seek to dismiss the claims pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6) and Fed.R.Civ.P. 9(b) because the Plaintiffs failed to allege that these individual Defendants made any of the misrepresentations or omissions forming the bases of Plaintiffs' claims (doc. 66).  For the reasons set forth below, I find Plaintiffs' second amended

_____

[1] ACI's original complaint raised seven claims against Cumberland and IGIC, but on December 15, 2005, I entered an order granting Defendants' motion to dismiss the complaint and gave ACI thirty days to file an amended pleading.  ACI's first amended complaint raised three claims, and upon IGIC's motion I dismissed the claim for breach of fiduciary duty for failure to state a claim. The remaining two claims raised again in the second amended complaint, fraud in the inducement and negligent misrepresentation were both raised in the amended pleading and survived IGIC's motion to dismiss.  *See* Report and Recommendation on motion to dismiss (doc. 33) and Order adopting it (doc. 36).

complain fails to state claims against Black, Edenfield, and Williams but recommend Plaintiffs be permitted to amend these claims.[2]

    *A.  Standard of review*

    When considering a Rule 12(b)(6) motion to dismiss, a court views the complaint, with its attached pleadings and exhibits, in the light most favorable to the plaintiff taking its factual allegations as true and accepting all reasonable inferences therefrom.  *See Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 n.12 (11th Cir. 2005).  "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," which is an exceedingly low threshold, the complaint should not be dismissed.  *United States v. Baxter Intern., Inc.,* 345 F.3d 866, 880-881 (11th Cir. 2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  In assessing whether a complaint is sufficient, however, conclusory allegations, unwarranted factual deductions, and conclusions of law need not be accepted as true.  *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002).  While making such an assessment, Rule 8's liberal notice requirements should be observed: "a short and plain statement of the claim showing the pleader is entitled to relief."  *Baxter Intern., supra,* at 880-881.[3]

---

   [2] United States District Judge Steven D. Merryday referred IGIC's motion to dismiss amended complaint (doc. 66) to me for "a report and recommendation if granted and for disposition if denied" pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b). *See* doc. 72.

   [3] KC Cromwell, before removal to this Court, filed its motion to dismiss in state court under Fla. R. Civ. P. 1.140(b)(6).  In general, a federal court takes the case on removal exactly as the case stood in state court and treats all pending motions as if filed in federal court.  *See* 16 *Moore Federal Practice,* § 107.31[3].  Of course, once removed the Federal Rules of Civil Procedure govern the case.  *Granny Goose Foods, Inc. v. Brotherhood of Team, Etc.,* 94 U.S. 433, 437 (1974); *Castleberry v. Goldome Credit Corp.,* 408 F.3d 773, 784 (11th Cir. 2005).

*B.  Background*

Plaintiffs ACI, Beneficial Capital Inc. ("Beneficial"), and Duval Management Inc. ("Duval"), all financial services advisory firms, each entered into Registered Investment Advisors Liability Insurance Policies ("RIALIPs") with Cumberland Casualty & Surety Company ("Cumberland") to provide liability protection and indemnification.[4]  Plaintiffs assert Defendants interfered with these contracts.  Specifically, Plaintiffs allege IGIC, as Cumberland's exclusive agent, fraudulently induced Plaintiffs to enter into the RIALIP contracts with Cumberland by misrepresenting that Cumberland would pay fifty percent of every claim it submitted and Dorinco Reinsurance Company, Cumberland's reinsurer, would pay the other fifty percent of submitted claims.  According to Plaintiffs, however, in reality the reinsurance policy entered into between Cumberland and Dorinco expressly limited Dorinco's liability to paying claims up to only 275 percent of the amount Cumberland received in premiums the particular year a claim was submitted.  *See* doc. 48, ¶38.

Plaintiffs allege IGIC and Koyen, IGIC's president and a marketing and sales agent for Cumberland, negligently failed to disclose the limitation of Dorinco's liability and otherwise fraudulently induced them to enter into the RIALIP contracts with Cumberland with the understanding that Dorinco would pay fifty percent of all its potential claims filed under the contracts they entered with Cumberland.  When Cumberland was placed into receivership by the state of Florida, ACI discovered the material restrictions the reinsurance contract placed on Dorinco's obligation to pay on ACI's claims.  As a consequence, ACI asserts Cumberland has not paid any of its claims.  Further, Cumberland's receiver and Dorinco settled ACI's claims arising

---

[4] Cumberland is not a party to this lawsuit.

under the reinsurance contract for approximately $3 million, resulting in a loss of approximately $27 million.

Plaintiffs allege that Black, who was President and CEO of Cumberland and secretary and treasurer of CT, the corporate owner of Cumberland, Edenfield, who was Black's predecessor, and Williams, who was the President and treasurer of CT, knew of the misrepresentations Koyen and IGIC made to Plaintiffs and should be held accountable. Plaintiffs further assert that Black, Edenfield, and Williams made material omissions or failed to disclose certain facts concerning the limits of the reinsurance policies, and seek compensatory, special, consequential, and incidental damages.

### C. Discussion

The elements of fraud in the inducement are: 1) a misrepresentation of material fact, 2) the represener knew or should have known of statement's falsity, 3) the represener intended that representation would induce another to rely on it, and 4) the plaintiff suffered injury in justifiable reliance on such representation. *See Hillcrest Pacific Corp. v. Yamamura*, 727 So. 2d 1053, 1055 (Fla. 4th DCA 1999). The elements of negligent misrepresentation are: 1) that the represener knew of the misrepresentation, made the representation without knowledge of its truth or falsity, or should have known the representation was false; 3) the represener intended to induce another to act on the misrepresentation; and 4) injury resulted to a party acting in justifiable reliance upon the misrepresentation. *Florida Women's Medical Clinic, Inc. v. Sultan*, 656 So. 2d 931, 933 (Fla. 4th DCA 1995). In my previous Report and Recommendation I determined that Plaintiffs sufficiently stated causes of action for fraud in the inducement and negligent misrepresentation against IGIC. The issue here, however, is whether Plaintiffs have properly stated claims for fraud in the

inducement and negligent misrepresentation against Black, Edenfield, and Williams based solely on their alleged knowledge of IGIC's misrepresentations and their own omissions or failure to disclose the limited scope of the Dorinco reinsurance coverage.   Although Black, Edenfield, and Williams identify numerous flaws in Plaintiffs' allegations against them warranting dismissal, I recommend Plaintiffs be permitted leave to amend, if they can appropriately do so, and will address only those allegations that might be cured by amendment.[5]

### 1.  Failure to allege misrepresentations by Black, Edenfield, or Williams

Plaintiffs allege that IGIC, the exclusive agent for Cumberland's RIALIP product, and Cumberland marketed the RIALIP product to financial advisors such as Plaintiffs (*see* doc. 48, ¶ 26) and that Black, Edenfield, and Williams knew of the representations IGIC and IGIC's president Koyen made (doc. 48, ¶¶ 28-30, 55).   The Plaintiffs, however, fail to allege Defendants Black, Edenfield or Williams made any representations to them.   Instead, the Plaintiffs assert these new Defendants omitted or failed to disclose to them that Dorinco's coverage was limited (doc. 48, ¶55). While a material omission may support a claim for fraud in the inducement, when an omission serves as the basis for the fraud there must be an underlying duty to disclose.   *See Cola v. Allstate*

---

[5] Defendants argue that the economic loss rule bars Plaintiffs' claims.   I disagree; the economic loss rule does not bar Plaintiffs' claims because Plaintiffs and Black, Edenfield, and Williams were not in contractual privity. *See Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891 So. 2d 532, 534 (Fla. 2004) (limiting economic loss rule to situations where parties are in contractual privity);  *Shands Teaching Hospital & Clinics, Inc. v. Beech Street Corp.*, 899 So. 2d. 1222 (Fla. 1st DCA 2005) (stating economic loss rule limited to situations where parties are in contractual privity because it is doubtful parties can protect their economic interests through contract when they have not contracted with each other);  *Williams v. Bear Stearns & Co.*, 725 So. 2d 397 (Fla. 5th DCA 1998) (holding economic loss rule does not preclude tort claims – specifically negligent misrepresentation and breach of fiduciary duty – against defendants who were not in contractual privity with plaintiff).

*Ins. Co.*, 131 F.Appx. 134 (11th Cir. 2005) citing *Friedman v. American Guardian Warranty Services, Inc.*, 837 So. 2d 1165 (Fla. 4th DCA 2003) (fraud based on failure to disclose material information exists only when a duty to make such disclosure exists).   Such a duty arises only when one party has information that the other party has a right to know because of a fiduciary or other relationship founded on trust or confidence between them.[6]   *Friedman, supra,* at 1166 (concluding that complaint did not allege relationship of trust between plaintiff and defendant and hence, plaintiff failed to allege cause of action for fraudulent concealment).   *See generally Behrman v. Allstate Ins. Co.*, 388 F.Supp. 2d 1346 (S.D. Fla. 2005) (recognizing that under Florida law omissions are not actionable as fraudulent misrepresentations unless the party omitting the information owes a duty of disclosure to the party receiving the information and that where plaintiff failed to allege a fiduciary or other confidential or contractual relationship of trust with defendants or that it was the weaker party in the transaction its claims for fraudulent and negligent misrepresentation should be dismissed).

While the Plaintiffs argue in their memorandum of law that Koyen received all his information directly from Williams, Black and Edenfield, and that *ipso facto* they were active participants in the misrepresentations (*see* doc. 67, p.5), the amended complaint fails to allege such a set up and otherwise fails to allege a fiduciary relationship of trust between Plaintiffs and

---

[6] A fiduciary relationship is one "built based upon the trust and confidence between the parties where confidence is reposed by the weaker party and a trust is accepted by the party in a position of superiority and influence."   *Argonaut Dev. Group v. SWH Funding Corp.*, 150 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001) and *Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp., Etc.*, 850 So. 2d 536 (Fla. 5th DCA 2003).

Defendants Black, Edenfield, and Williams.[7]  In fact, the complaint altogether fails to allege any type of relationship or communications between Plaintiffs and Black, Edenfield, and Williams. Even assuming the Plaintiffs and Defendants Black, Edenfield, and Williams participated in an arms length transaction (which is not alleged), there still would be no duty to disclose because in such a relationship there is no duty to act for the benefit or protection of the other party or to disclose facts that the other party could by its own diligence have discovered.[8]  *Maxwell v. First United Bank*, 782 So. 2d 931, 934 (Fla. 4th DCA 2001) citing *Watkins v. NCNB National Bank of Fla.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993).

   *2.  Black, Edenfield, and Williams owed no duty to Plaintiffs*

   Black, Edenfield, and Williams argue that they cannot be held personally liable for Cumberland's alleged corporate wrongdoings because they owed no duty and breached no duty to Plaintiffs.  Although it is well-settled that individual officers of a corporation may be held personally liable for their tortious acts, even when they are committed within the scope of their employment

---

   [7]  A fiduciary relationship arises if a "relation of trust and confidence exists between the parties … where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused …"  *Doe v. Evans*, 814 So. 2d 370 (Fla. 2002).  Unless the fiduciary relationship is formed expressly, determining if a fiduciary relationship exists depends upon "the specific facts and circumstances surrounding the parties and the transaction in which they are involved."  *Taylor Woodrow Homes Florida, Inc. v. 4/46-A Corporation*, 850 So. 2d 536 (Fla. 5th DCA 2003).  "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party."  *Id. citing Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1994). ACI fails to plead it was in contractual privity with IGIC or with Black, Edenfield, or Williams, and does not otherwise assert how the Defendants owed it a duty of care.

   [8]  Defendants reason that Plaintiffs, sophisticated investors, could have discovered the specifics of Cumberland's relationship with Dorinco through simple diligence, including requesting a copy of the reinsurance agreement or reviewing Cumberland's annual reports filed with the SEC.

or as corporate officers, there must be allegations that the officers personally owed a duty to the

Plaintiffs and personally (as opposed to technically or vicariously) breached such duty.  *See White*

*v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1ˢᵗ DCA 2006).  Here, there are none; and Black,

Edenfield, and Williams, officers of CCSC and CT, cannot be held personally liable "simply because

of [their] general administrative responsibility for performance of some function of [their]

employment – he or she must be actively negligent."  *Id.*

### 3. Rule 9(b)

Black, Edenfield and Williams assert that the allegations against them fail to satisfy

Fed.R.Civ.P. 9(b) because they neglect to set forth what omissions were made in what documents,

the time and place of such omissions, and who made the omissions.  Rule 9(b) is satisfied if the

complaint sets forth: 1) the exact statements or omissions made, 2) the time and place of each such

statement and who made the statement or omission, 3)  the substance of the statement and how it

misled the plaintiff, and 4) the defendant's gain due to the alleged fraud.[9]  *Brooks v. Blue Cross Blue*

*Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11ᵗʰ Cir. 1997); *Rentclub, Inc. v. Transamerica Rental*

*Fin. Corp.*, 775 F.Supp. 1460, 1462 (M.D. Fla. 1991).  Assessing the viability of Plaintiff's

allegations against the new Defendants, I find that the most detailed paragraph of Plaintiffs' pleading

states "CCSC, IGIC, Koyen, Black, Edenfield, and Williams knew of the material limit on Dorinco's

---

[9] As I noted in my previous Report and Recommendation, historically in Florida, an action for negligent misrepresentation sounds in fraud rather than negligence.  *Souran v. Travelers Ins. Co.*, 982 F.2d 1497 (11th Cir. 1993) citing *Watson v. Jones*, 25 So. 678, 683 (1899), *Ostreyko v. B.C. Morton Org., Inc.*, 310 So. 2d 316 (Fla. Dist. Ct. 1975).  Hence, Rule 9(b)'s pleading requirements apply.  *Harrison Enterprises, Inc. v. Moran*, 1999 WL 1211753, *3 (S.D. Fla. 1999) (recognizing that under Florida law, "an action for negligent misrepresentation sounds in fraud rather than negligence," and therefore the pleading requirements of Rule 9(b) apply).

liability to CCSC contained in the reinsurance policy but misrepresented the scope and effect of the Dorinco reinsurance to Plaintiffs by failing to disclose this material restriction to Plaintiffs. This omission was material to Plaintiffs." *See* doc. 48, ¶ 40.

While courts recognize that if the alleged fraud occurred over an extended period of time and the acts are numerous, the specificity requirements are relaxed to avoid substantial unfairness to private litigants who should not be expected to have detailed knowledge of all the circumstances surrounding the alleged fraud, the plaintiff's duty still includes adequately pleading the contents of the alleged fraudulent representations and the places where the factual omission and misrepresentation occurred. *Medalie v. FSC Securities Corp.*, 87 F.Supp. 2d 1295, 1307 (S.D. Fla. 2000) (denying defendant's motion to dismiss fraud in the inducement claim where complaint adequately specified transactions and approximate time frame, the contents of the alleged misrepresentations and the essence of omitted information and the identities of those involved). Here, the Plaintiffs vaguely described the omitted information, but fail to indicate the transactions containing the omission or the appropriate time frame.

Moreover, Plaintiffs have impermissibly "lumped together" all of the new Defendants in their allegations. The complaint must reasonably notify each Defendant of the specific nature of his or her alleged participation in the fraud, as Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to "defendants." *Brooks v. Blue Shield of Fla., Inc.,* 116 F.3d 1364 (11th Cir. 1997). Although specific times and places of each omission are not expected, the allegations must provide a sufficiently narrow time frame from which defendants could derive notice as to when the omissions were made. *See Flamenbaum v. Orient Lines, Inc.*, 2004 WL 1773207 (S.D. Fla. 2004).

*D.  Conclusion*

For the reasons set forth above, I find the Plaintiffs failed to state claims against Black, Edenfield, and Williams upon which relief may be granted.  However, the Eleventh Circuit prefers the district court give plaintiffs an opportunity to amend a complaint rather than dismiss it when it appears that a more carefully drafted complaint might state claims upon which relief may be granted. *See Friedlander v. Nims*, 755 F.2d 810 (11th Cir. 1985) (dismissal appropriate only after court gives plaintiff notice of complaint's deficiencies and an opportunity to amend).  Accordingly, it is hereby

ORDERED:

1.  Defendants Black, Edenfield, and William's motion to dismiss second amended complaint (doc. 66) is DENIED without prejudice.

2.  Since a more adequately pleaded complaint may state claims against Black, Edenfield, and Williams, Plaintiffs are given thirty (30) days leave to amend their claims, if they can appropriately do so.

3.  No other Defendants may be added and no other claims may be added without obtaining permission of the Court.  If an amended complaint is not filed against Defendants Black, Edenfield, and Williams, Plaintiffs' claims against them will be dismissed with prejudice.

IT IS SO ORDERED at Tampa, Florida, on January 26, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Hon. Steven D. Merryday
Counsel of Record

10