UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVISOR'S CAPITAL INVESTMENTS,
INC.,

      Plaintiff,

v.                                      Case No. 8:05-CV-404-T-23MAP

CUMBERLAND CASUALTY & SURETY
COMPANY and I.G.I.C.,

      Defendants.
_____/

**ORDER**

      Twelve days after an unsuccessful attempt to settle this case at mediation, Plaintiffs filed the instant motion to amend the complaint and add Cumberland Technologies, Inc., the parent company of Defendant Cumberland Casualty and Surety Company, and Francis Williams, the majority shareholder of Cumberland Technologies, as Defendants (doc. 76). Plaintiffs' motion indicates only that adding these parties is "feasible and would afford them an opportunity to participate in this action of which they have an interest" and that the claims against them arise out of the same transactions or occurrences as the claims against the existing Defendants. For the reasons set forth herein, Plaintiffs' motion is denied.

      At this juncture, the deadline for joining additional parties has passed (June 1, 2006) and the discovery deadline is June 1, 2007 (extended from the original deadline of November 30, 2006, due to Plaintiffs' joinder of Defendants Black, Edenfield, and Williams). *See* Case Management and Scheduling Order (doc. 30); Amended Case Management and Scheduling Order (doc. 70). Generally, a district court has sound discretion under Fed.R.Civ.P. 20(a), unlike its counterpart rule

19, to decide the scope of the civil action and to enter orders as required to prevent delay, expense, or prejudice. Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 1652 (2001); *Arrington v. City of Fairfield, Ala.*, 414 F.2d 687, 693 (5th Cir. 1969).[1] *See also French v. Sellers,* 2007 WL 788863 (M.D. Ga.) (denying plaintiff's motion for joinder filed after close of discovery because plaintiff could have moved to add party earlier in case and joinder would result in added prejudice, expense and/or delay to defendants); *U.S. v. Timmons*, 672 F.2d 1373, 1480 (5th Cir. 1982) (finding district court acted appropriately in denying motion for joinder where it did not serve the interests of judicial economy in view of the late stage of litigation). Plaintiffs' motion fails to explain why the proposed defendants were not added earlier. Plaintiffs first filed this case in Massachusetts district court in February 2005 and have already amended their complaint to add additional claims and parties multiple times. According to Defendants who oppose joinder, Plaintiffs knew of the identity of the proposed defendants when the original complaint was filed or at least when their amended complaint was filed in August 2006. *See* doc. 81. Accordingly, after consideration, it is hereby

**ORDERED**:

1. Plaintiffs' motion for leave to join as Defendants Cumberland Technologies, Inc. and Francis Williams (doc. 76) is DENIED.

IT IS SO ORDERED at Tampa, Florida, on May 24, 2007.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.