UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVISOR'S CAPITAL INVESTMENTS,
INC.,

      Plaintiff,

v.                                           Case No. 8:05-CV-404-T-23MAP

CUMBERLAND CASUALTY & SURETY
COMPANY and I.G.I.C.,

      Defendants.
_____/

## ORDER

Before the Court is Plaintiffs' motion for reconsideration (doc. 92). Only limited circumstances prompt reconsideration of a court order. These include (1) an intervening change in the controlling law; (2) new evidence which has become available; or (3) a need to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689 (M.D. Fla. 1994); *Reyher v. Equitable Life. Assur. Soc. of U.S.*, 900 F.Supp. 428, 430 (M.D. Fla. 1995); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. (1986). Plaintiffs claim reconsideration is necessary to prevent manifest injustice. However, because my order denying Plaintiffs' motion did not pivot on the deadline for joinder of parties and my reasons for denying joinder persist notwithstanding the deadline, I find it unnecessary to reconsider my order.

Plaintiffs correctly indicate that the district judge extended the deadline for joining additional parties from June 1, 2006, to March 1, 2007 (four days after Plaintiff' filed its motion for joinder).

*See* doc. 70.[1] However, my order denying Plaintiffs' second motion for joinder was not based solely on the deadline for joinder of parties, and I find no reason justifying relief from the order. As the order indicated, a district court has sound discretion under Fed.R.Civ.P. 20(a), unlike its counterpart rule 19, to decide the scope of the civil action and to enter orders as required to prevent delay, expense, or prejudice. Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 1652 (2001); *Arrington v. City of Fairfield, Ala.*, 414 F.2d 687, 693 (5th Cir. 1969).[2] Moreover, the reasons Plaintiffs present in the motion for reconsideration justifying their late efforts to join Cumberland Technologies Inc. and Francis Williams (that further legal analysis was needed before moving to join these two parties and that joinder is needed for judicial economy to prevent Plaintiffs' need to file a separate action against these parties) are irrelevant. Plaintiffs' second motion for joinder stated only that adding the parties was "feasible and would afford them an opportunity to participate in this action of which they have an interest." Any additional reasons Plaintiffs raised in the motion for reconsideration are too little, too late. *See Becker v. Harken, Inc.*, 2007 WL 1412937 (S.D. Fla. May 10, 2007) citing *Reyher, supra*; ("a motion for reconsideration is not intended to be a tool for relitigating what a court has already decided"); *CNL Hotels & Resorts, Inc. v. Houston Cas.* Co., 2007 WL 1128965 (M.D. Fla. April 16, 2007) (motions for reconsideration is not a vehicle to present arguments parties "wish they had thought of the first time around"); *Leonard v. Astrue*, 2007 WL 1114009 (M.D. Fla. March 30, 2007) (movant should not use a motion for

---

[1] My order denying Plaintiff's motion for joinder referred only to the June 1, 2006 deadline, and failed to indicate the deadline was extended to March 1, 2007.

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

reconsideration to raise new arguments that could have been made earlier as it is an extraordinary remedy to be employed sparingly). Plaintiffs first filed this case in Massachusetts district court in February 2005 and have already amended their complaint to add additional claims and parties multiple times.

Accordingly, I find it unnecessary to reconsider my order under Fed.R.Civ.P. 59(e) because there is no intervening change in controlling law, new evidence, or the need to correct a clear error. I further find that no manifest injustice will result because my reasons for denying the motion persist despite my failure to refer to the extended deadline for joinder of parties. Moreover, I find Fed.R.Civ.P. 60 inapplicable as no judgment was entered.

After consideration, it is hereby

**ORDERED**:

1. Plaintiffs' motion for reconsideration (doc. 92) is DENIED.

IT IS SO ORDERED at Tampa, Florida, on June 21, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE